OPINION
Defendant-appellant Billie Bonnie Thomas appeals her convictions and sentences entered by the Licking County Municipal Court on two counts of theft, in violation of R.C. 2913.02. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On March 2, 1999, Patrolman Bruce Ramage of the Heath Police Department filed two complaints in the Licking County Municipal Court, charging appellant with two counts of theft, in violation of R.C. 2913.02. Appellant appeared before the trial court on March 17, 1999, and entered pleas of not guilty to the charges. The matter proceeded to jury trial on September 23, 1999. At trial, Troy Jones, the Loss Prevention Officer for the Wal-Mart Store in Heath, Ohio, testified appellant was a manager in the electronics department. In January, 1999, Jones became concerned about voided cash sales on one of the cash registers in the electronics department. Specifically, voids were being done contrary to store procedure. Pursuant to the procedure, the sales associate ringing up the customer does an initial void. Within ten minutes, the associate is required to call a customer service manager to come to the register and input an action code on that register. In response to his concerns, Jones videotaped register 68, the register at which the problems were occurring and to which appellant was assigned. The video camera was positioned directly above the register. Jones proceeded to testify about two transactions, one on January 28, 1999, and the other on January 29, 1999. On January 28, 1999, the register indicated a sale of a television for $317.96, and subsequently, a void of that sale. The videotape of this transaction reveals a customer proceeding to register 68 with a twenty-seven inch Phillips television. Appellant, who was the sales associate, rang the transaction into the register, accepted cash from the customer, and placed the money underneath the keyboard of the register, not in the register. Another electronics department employee arrived and carried the television away for the customer. Several minutes later, appellant removed the money from under the keyboard, placed it between what appeared to be packaged phone cards, and walked away from the register. Later that day, appellant contacted a customer service manager to void the sale of the television. Jones explained this void resulted in the sale being wiped out; therefore, preventing anyone from tracking the $317.96 the customer gave to appellant. On January 29, 1999, the register tape reveals a cash sale of $66.57, and a subsequent void of that sale. The videotape taken that day reveals a customer proceeding to register 68 with several items, including books and cassettes. Appellant rang up the merchandise, placed the items in a bag, and the customer departed the area. Appellant did not give the cash register receipt to the customer. Several minutes later, during a transaction with a different customer, appellant removed $66.00 from the cash register draw and placed it under the register keyboard. Thereafter, appellant placed the money between two video game boxes and walked away from the register. Appellant subsequently requested a customer service manager void the $66.57 transaction. The State played the videotapes for the jury. On cross-examination, Jones acknowledged he did not personally observe appellant during the time period of the transactions in question. Jones explained he spoke with Jim Ailes, District Loss Prevention Trainer, and Dave Yohe, the store manager, and advised them about the void problems and the fact appellant's name repeatedly appeared on the register tapes. Thereafter, Yohe and Jones investigated the voids done during the two weeks prior. They also decided at this time to position a video camera above the register. Adam Reichley, a stocker in the electronics department during the incidents giving rise to the changes, testified he viewed the videotape of January 28, 1999. Reichley testified his job duties included assisting customers in carrying out large merchandise. Reichley could not recall carrying out the television at issue herein. Christina Harris, a customer service manager, testified regarding the policies and procedures for handling money and voiding sales. Harris testified she viewed the videotape of January 28, 1999, and recalled being called to the electronics department to void a sale. Appellant was the clerk who contacted her. Appellant informed Harris the transaction needed to be voided. Harris voided the sale and placed the paperwork in the register. Harris recalled appellant explained the customer did not want the television because the customer's credit card would not work correctly or would not go through. Although the sale occurred at 10:47 a.m., Harris did not void the sale until 12:48 p.m. Pursuant to the store procedure, a sales associate is required to call a customer service manager as soon as the void occurs and not more than ten minutes after. Harris also testified when she proceeded to register 68 to perform the void, she brought appellant change for the register. Appellant did not bring money to Harris in order to make change. Michael Salyer, a customer service manager, testified he was working on January 28, 1999, and January 29, 1999. Salyer explained if a customer gave a sales associate money in payment of a transaction, and the sale was subsequently voided, the associate's register would balance at the end of the day if the associate had taken the money. Salyer recalled on January 29, 1999, appellant contacted him to void a sale for $66.57. He noted the original transaction occurred at 8:13 a.m., however, he was not called to void the sale until 1:00 p.m. He stated the response time for a customer service manager to a register was generally within ten minutes. James Ailes, District Loss Prevention Trainer, testified he is Troy Jones' supervisor and the Heath Wal-Mart is in his district. After Ailes became involved in the investigation of appellant, and after reviewing the videotapes of January 28 and 29, 1999, Ailes approached appellant regarding his observations. Ailes stated, with respect to the January 28, 1999 transaction, appellant advised him the only reason she removed money from the register was to get change. Ailes stated the videotapes were turned over to the Heath Police Department on February 2, 1999, after he spoke with appellant. Appellant testified on her own behalf. Appellant stated she had been working for Wal-Mart for approximately eight years and during her employment, she never received any type of written documentation regarding the handling of cash. She explained it was not uncommon to leave cash outside of the register while waiting for a customer service manager to bring change. When asked why she did not give the customer involved in the $66.57 transaction a receipt, appellant merely stated she forgot. With respect to the television transaction, appellant stated the customer brought the television to the register, and she rang him out. Appellant recalled the customer became upset for some reason and demanded his money back. Appellant advised him he had to go to the service desk. Appellant explained the customer had her so upset during the transaction, she shut the drawer without placing the money into the register. She proceeded to the service desk at the front of the store at the customer's command. She took the money with her to the service desk. After finishing with the customer, she returned to the electronics department and called a customer service manager to void the transaction. On cross-examination, when asked why she did not void the sale of the television at the service desk, she explained the void was done at her register so the register would not be short at the end of the day. Appellant stated if a register drawer was short or over more than $5.00, the sales associate received a pink slip. When asked if she received a pink slip on January 28, 1999, appellant replied, "I haven't had a pink slip for years." T. at 282. Thereafter, the prosecutor questioned appellant about a pink slip she received on January 22, 1999. Appellant could not recall receiving a pink slip on that day. With respect to the $66.57 transaction on January 29, 1999, appellant stated she removed money from the register drawer, in order to get change. She testified the $66.57 transaction was erroneously voided. When asked to explain why her drawer balanced on January 29, 1999, appellant could not do so. On rebuttal, the State called Betty Ervin, the cash office supervisor at the Heath Wal-Mart, who testified she oversees the daily balancing of all of the cash registers. Reviewing the daily reports of register 68 from January 28 and 29, 1999, Ervin testified the register balanced on both days. Ervin explained if a void was erroneously done and the money was in the cash register, the register would show an overage in the amount of the void. Ervin continued if the $66.57 transaction on January 29, 1999, was erroneously voided, the register would have been over that amount and appellant would have received a pink slip. However, according to Ervin, appellant did not receive a pink slip for January 29, 1999. Appellant did receive a pink slip on January 21, 1999, due to a $100.00 shortage. The State also called Dave Yohe, the store manager, as a rebuttal witness. Yohe recalled appellant approached him sometime between January 22 and 25, 1999, with an explanation for the $100.00 shortage on January 21, 1999. She told Yohe she had a transaction she had forgotten to have voided. At this time, appellant gave Yohe the receipt which needed to be voided. After hearing all the evidence and deliberations, the jury found appellant guilty of two counts of theft. The trial court sentenced appellant to six months in jail, but suspended 165 days of the sentence and placed appellant on probation for three years. The trial court also ordered appellant to pay a fine of $500 plus court costs, and to make restitution for the property. It is from these convictions and sentences appellant appeals, raising the following assignments of error:
 I. THE CONVICTION OF THE DEFENDANT-APPELLANT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE, IN THAT THE STATE OF OHIO FAILED TO ESTABLISH, BY PROOF BEYOND A REASONABLE DOUBT, THAT WAL-MART HAD LOST ANY MONEY OR PROPERTY AND, THUS, FAILED TO ESTABLISH THAT A THEFT OCCURRED HEREIN.
 II. THE DEFENDANT-APPELLANT WSA DENIED HER RIGHT TO A FAIR TRIAL BY THE IMPROPER COMMENTS OF THE PROSECUTING ATTORNEY DURING CLOSING ARGUMENT.
 III. THE DEFENDANT-APPELLANT WAS DENIED HER CONSTITUTIONAL RIGHTS TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 I
In her first assignment of error, appellant raises an insufficiency of the evidence claim. In State v. Jenks (1981),61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
Jenks, supra, at paragraph two of the syllabus. Appellant argues the State failed to establish the essential elements of the offense of theft. Specifically, appellant maintains the State failed to introduce evidence Wal-Mart lost any merchandise or money on January 28 and 29, 1999. Appellant submits the evidence presented by the State did not show any merchandise involved in the voided transactions left the store or that the transactions and subsequent voids resulted in Wal-Mart's losing any monies. Upon review of the entire transcript of the proceedings and the surveillance videotapes of the transactions at issue, we find appellant's convictions are supported by sufficient evidence. Regarding the first transaction on January 28, 1999, which involved the television, Jones' testimony and the videotape reveal appellant took the cash received from the sale, placed it aside, concealed it under the keyboard of her register, and later walked away with it hidden among other merchandise. The videotape also shows Adam Reichley carrying the television away from the electronics department followed by the customer. Later that day, appellant requested Harris void the transaction, explaining the customer had problems with his credit card. Both the videotape and the register logs indicate the sale of the television was a cash transaction. Turning to the second incident on January 29, 1999, the testimony and the videotape reveal appellant conducted a cash sale of merchandise, bagged the merchandise, and presented it to the customer, but did not give the customer the sales receipt. Shortly thereafter, the videotape reveals appellant, during a different transaction, removed almost the identical amount of cash involved in the earlier transaction and concealed it under the register keyboard. Again, later that day, appellant requested Salyer conduct a void. We find the videotapes and testimony provide sufficient circumstantial evidence from which the jury could infer Wal-Mart lost property and/or monies as a result of appellant's actions. Viewing the evidence in a light most favorable to the prosecution, we find any rational trier of fact could have found the essential elements of the crime of theft proven beyond a reasonable doubt. Accordingly, we do find, as a matter of law, appellant's convictions were based upon insufficient evidence. Appellant's first assignment of error is overruled.
 III
In her third assignment of error, appellant raises an ineffective assistance of trial counsel claim. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. During closing arguments, the prosecutor made the following statement: She then told you she's never short. I've never got a pink slip. Exactly a week before, her drawer was short $100.01. Everybody who used that drawer was given a pink slip. Billie Thomas comes forward within a couple of days and says to the store manager, I forgot. I had $100.01 sale, the receipt, I forgot to void it. Now that all by itself may not be significant, but just think. This is a person who's worked nine and a half years. On the 21st, she forgets to void 101, $100.00 sale with one cent and doesn't mention `til somebody calls her on it. Then a week later she got $320.00 but mysteriously there's a mistake and the then the next day she's got $66.57 that she can't explain. I think the explanation is clear. She's stealing money.
T. at 316.
Appellant submits trial counsel should have objected to the comments of the prosecutor as such were improper and prejudicial. Appellant further asserts the failure to object denied appellant her constitutional right to the effective assistance of trial counsel. We agree with appellant that trial counsel should have objected to the comments; therefore, appellant has satisfied prong one of the Strickland test. However, based upon all the evidence noted supra, we do not believe there exists a reasonable probability the outcome of the trial court have been different had the jury been instructed to disregard the prosecutor's statement. Because appellant cannot satisfy the second prong of Strickland, we find appellant was not denied effective assistance of trial counsel. Appellant's third assignment of error is overruled.
 II
In her second assignment of error, appellant contends she was denied her right to a fair trial as a result of the improper comments of the prosecutor during closing arguments. This assignment of error involves the same comment as discussed in appellant's third assignment of error. Because appellant's trial counsel failed to object to the comment, we must review this assignment of error under the plain error doctrine. See, State v. Maurer (1984), 15 Ohio St.3d 239. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating the outcome of the trial clearly would have been different, but for the error. Crim.R. 52(B). Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91. As determined supra, appellant has failed to establish a reasonable probability existed the outcome would have been different had trial counsel objected to the prosecutor's statement. Because appellant's success under a plain error analysis requires her demonstrating the outcome of trial clearly would have been different, but for the error, which is a higher standard to satisfy than that under effective assistance of counsel claim, we find appellant is unable to satisfy her burden. Appellant's second assignment of error is overruled.
The convictions and sentences of the Licking County Municipal Court are affirmed.
 ________________________ Hoffman, P.J.
By Gwin, P.J. and Milligan, V.J. concurs